UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMANDA PETRO, Individually and for Others Similarly Situated<br><br>v.<br><br>INDIANA MASONIC HOME, INC. d/b/a COMPASS PARK. | **Case No. 1:24-cv-1150**<br>FLSA Collective Action<br>FED. R. CIV. P. 23 Class Action |

**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT**

SUMMARY

1. Amanda Petro (Petro) brings this class and collective action to recover unpaid overtime and other damages from Defendant Indiana Masonic Home, Inc. d/b/a Compass Park (Compass Park).

2. Petro worked for Compass Park as an LPN in Franklin, Indiana.

3. Like the Putative Class Members (as defined below), Petro regularly worked more than 40 hours in a week.

4. But Compass Park did not pay for all the hours they worked.

5. Instead, Compass Park automatically deducted 30 minutes a day from these employees' work time for so-called meal breaks.

6. Petro and the Putative Class Members were thus not paid for that time.

7. But Compass Park fails to provide Petro and the Putative Class Members with *bona fide* meal breaks.

8. Instead, Compass Park requires Petro and the Putative Class Members to remain on-duty throughout their shifts and continuously subjects them to interruptions during their unpaid "meal breaks."

9. Compass Park's auto-deduction policy violates the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.*, and the Indiana Minimum Wage Law (IMWL), I.C. § 22-2-2 *et seq.*, by depriving Petro and the Putative Class Members of overtime pay for all overtime hours worked.

10. Likewise, Compass Park's auto-deduction policy violates the Indiana Wage Protection Statute (IWPS), I.C. § 22-2-5 *et seq.*, by depriving Petro and the Putative Class Members of earned wages (at their agreed hourly rates) for all hours worked.

11. Compass Park also fails to Petro and the Putative Class Members overtime wages at the proper premium rate (Compass Park's regular rate violations).

12. Specifically, Compass Park pays Petro and the Putative Class Members non-discretionary bonuses, which Compass Park intentionally excludes when calculating their regular rates of pay for overtime purposes.

13. Compass Park's exclusion of non-discretionary bonuses from the calculation of Petro and the Putative Class Members' overtime premium violates the FLSA and IMWL by paying overtime wages at rates less than 1.5 times their regular rates of pay—based on *all* remuneration received—for their hours worked over 40 in a workweek.

14. The FLSA claims are brought as collective actions pursuant to 29 U.S.C. § 216(b). The IMWL and IWPS claims are brought as class actions pursuant to Federal Rule of Civil Procedure 23.

## JURISDICTION & VENUE

15. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

16. The Court also has supplemental jurisdiction over the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

17. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant is headquartered in this District.

**PARTIES**

18. Petro worked for Compass Park as an LPN in Franklin, Indiana.

19. Petro was, at all relevant times, an employee of Compass Park, from approximately October 2018 until February 2022.

20. Throughout her employment, Compass Park classified Petro as non-exempt and paid her on an hourly basis.

21. But Compass Park subjected Petro to its common practice of automatically deducting 30 minutes a day from her recorded work time for so-called "meal breaks."

22. Compass Park also subjected Petro to its common practice of excluding non-discretionary bonuses from the regular rate of pay for purposes of calculating its hourly, non-exempt workers' time-and-a-half overtime rates.

23. Petro's written consent is attached as **Exhibit 1**.

24. Petro brings this action on behalf of herself and other similarly situated hourly, non-exempt Compass Park employees who were subject to Compass Park's automatic meal break deduction policy.

25. Compass Park uniformly requires all these employees to remain on-duty and perform work throughout their shifts, including their unpaid "meal breaks."

26. The FLSA collective of similarly situated unpaid meal break employees is defined as:

> **All hourly, non-exempt Compass Park employees who received an automatic meal period deduction at any time during the past 3 years ("FLSA Meal Break Collective").**

27. Petro also brings this action on behalf of herself and other similarly situated hourly, non-exempt Compass Park employees who were not paid overtime at their proper premium rate,

3

including by excluding non-discretionary bonuses and/or shift differential pay from their time-and-a-half overtime rates.

28. Compass Park uniformly excludes non-discretionary bonuses and/or shift differential pay from these employees' time-and-a-half overtime rates.

29. The FLSA collective of similarly situated regular rate violation employees is defined as:

> **All hourly, non-exempt Compass Park employees who received a non-discretionary bonus at any time during the past 3 years ("FLSA Regular Rate Collective").**

30. Petro also represents a class of similarly situated hourly non-exempt workers who were subject to Compass Park's automatic meal break deduction policy in violation of the IMWL and/or IWPS pursuant to Federal Rule of Civil Procedure 23.

31. The Indiana Meal Break Class is defined as:

> **All hourly, non-exempt Compass Park employees who received an automatic meal period deduction at any time in Indiana during the past 3 years ("Indiana Meal Break Class").**

32. Petro also represents a class of similarly situated hourly non-exempt workers who did not paid overtime at their proper premium rates in violation of the IMWL and/or IWPS pursuant to Federal Rule of Civil Procedure 23.

33. The Indiana Regular Rate Class is defined as:

> **All hourly, non-exempt Compass Park employees who received a non-discretionary bonus at any time in Indiana during the past 3 years ("Indiana Regular Rate Class").**

34. Collectively, the Indiana Meal Break Class and Indiana Regular Rate Class are referred to as the Indiana Class or Indiana Class Members.

35. Collectively, the FLSA Meal Break Collective, FLSA Regular Rate Collective, Indiana Meal Break Class, and Indiana Regular Rate Class is defined as the Putative Class or Putative Class Members.

36. Compass Park is a domestic corporation.

37. Compass Park may be served with process by serving its registered agent: **Charles M. Spencer, 690 S. State St., Franklin, IN 46131-2553**.

### COVERAGE UNDER THE FLSA

38. At all relevant times, Compass Park was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

39. At all relevant times, Compass Park, as an institution primarily engaged in healthcare, was an enterprise within the meaning of Section 3(r)(2)(A) of the FLSA, 29 U.S.C. § 203(r)(2)(A).

40. At all relevant times, Compass Park was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as computers, cellphones, and personal protective equipment – that have been moved in or produced for commerce.

41. At all relevant times, Compass Park has had an annual gross volume of sales made or business done of not less than $500,000 each year.

42. At all relevant times, Petro and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

43. Compass Park uniformly deducted 30 minutes/shift from Petro and the Putative Class Members' wages for meal breaks, even when these employees did not actually receive *bona fide*, non-interrupted meal breaks.

5

44. As a result, Compass Park failed to pay Petro and the Putative Class Members for this compensable work, including overtime, in violation of the FLSA.

45. Compass Park's automatic meal break deduction policy, which deprives Petro and the Putative Class Members of overtime compensation for the weeks in which these workers work over 40 hours, is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTUAL ALLEGATIONS

46. Compass Park operates short-term rehabilitation and long-term care facility in Franklin, Indiana.

47. To meet its business objectives, Compass Park employs patient care workers, including Petro and the Putative Class Members, to treat patients in its facility.

48. Compass Park uniformly classifies Petro and the Putative Class Members as non-exempt from overtime and pays them on an hourly basis.

49. Petro and the Putative Class Members regularly work more than 40 hours a workweek.

50. But Compass Park does not pay Petro and the Putative Class Members for all their hours worked.

51. Instead, Compass Park uniformly subjected Petro and the Putative Class Members to its common practice of automatically deducting 30 minutes from their recorded hours worked and wages each shift for meal breaks, regardless of whether they actually received a *bona fide* meal break.

52. Further, Compass Park uniformly excludes non-discretionary bonuses and shift differential premiums from Petro and the Putative Class Members' regular rates of pay for purposes of calculating their time-and-a-half overtime rates.

53. While exact job titles and job duties may differ, Petro and the Putative Class Members are subjected to the same or similar illegal policies—Compass Park's automatic deduction policy and/or its regular rate violations—for similar work.

54. For example, Petro worked for Compass Park as an LPN during the relevant time period, from approximately October 2018 until February 2022.

55. As an LPN, Petro's primary responsibilities included providing healthcare services, facilitating patient care, and responding to patient emergencies.

56. Petro was Compass Park's hourly employee.

57. Indeed, Compass Park agreed to pay Petro approximately $24/hour (plus overtime for her hours worked over 40 in a workweek).

58. Throughout her employment, Compass Park required Petro to report her work time to Compass Park for approval through its uniform timekeeping policies and procedures.

59. Indeed, Compass Park typically schedules Petro to work three to four 12-hour shifts during week, she typically picked up an additional 12-hour shift during the weekend.

60. For example, during the workweek ending on August 7, 2021, Petro worked 43.39 hours "on the clock":

| | Rate | Hours / Units | Current Period |
|---|---|---|---|
| **Earnings** | | | |
| Regular | 24.00 | 27.87 | 668.88 |
| Overtime | 36.00 | 0.75 | 27.00 |
| 80 Hour PTO | 24.00 | 0.00 | 0.00 |
| Floating Holiday 80 | 24.00 | 0.00 | 0.00 |
| Bonus | | | 76.25 |
| Holiday | 24.00 | 0.00 | 0.00 |
| Miscellaneous Earnings | | | 0.00 |
| SD200 OT | 38.00 | 2.64 | 100.32 |
| ShiftDiff200 | 26.00 | 12.13 | 315.38 |
| GTL Class 2&3 | | | 1.15 |
| **Gross** | | **43.39** | **1188.98** |

61. But throughout her employment, Compass Park subjected Petro to its illegal automatic meal break deduction policy.

62. Specifically, Compass Park automatically deducts 30 minutes a day from Petro's recorded work time for so-called "meal breaks," regardless of whether she actually receives a *bona fide* meal break.

63. But Petro does not actually receive *bona fide* meal breaks.

64. Instead, Compass Park requires Petro and the Putative Class Members to remain on-duty and working throughout their shifts, continuously subjecting them to interruptions, including during their unpaid meal periods.

65. Likewise, Compass Park excluded certain non-discretionary bonuses from Petro's time-and-a-half overtime rate.

66. For example, during the workweek ending on August 7, 2021, Petro received a $76.25 non-discretionary bonus for picking up a shift outside her assigned work schedule.

67. But Compass Park intentionally excluded Petro's non-discretionary bonus when calculating her regular rate of pay for overtime purposes.

68. Thus, under its illegal regular rate violations, Compass Park fails to pay Petro overtime wages at a rate not less than 1.5 times her regular rate of pay—based on *all* remuneration received—for the hours she works over 40 in a workweek in willful violation of the FLSA and IMWL.

69. Compass Park subjects the Putative Class Members to the same illegal policies it imposes on Petro.

70. Like Petro, Compass Park pays the Putative Class Members on an hourly basis.

71. Like Petro, Compass Park requires the Putative Class Members to report their hours worked via Compass Park's uniform timekeeping system.

72. Thus, Compass Park's records show that, like Petro, the other Putative Class Members regularly work more than 40 hours in a workweek.

73. Indeed, like Petro, Compass Park typically schedules the Putative Class Members to work three to four 12-hour shifts per workweek.

74. And Petro and the Putative Class Members regularly are also required to work during their unpaid meal breaks "off the clock" in order to complete their job duties and patient care responsibilities.

75. As a result, Petro and the Putative Class Members work in excess of 40 hours in a typical workweek.

76. When Petro and the Putative Class Members worked more than 40 hours in a workweek, Compass Park did not pay them 1.5 times their regular hourly rate for all overtime hours worked due to Compass Park's failure to include time these employees worked during their unpaid meal breaks in their total number of hours worked in a given workweek.

77. This unpaid time is compensable under the FLSA and the IMWL, because Compass Park knew, or should have known, that (1) Petro and the Putative Class Members were performing unpaid work during their "meal breaks," (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, (3) they entirely skipped the meal period due to work demands, and/or (4) the meal period was less than 30 minutes.

78. Compass Park failed to exercise its duty to ensure Petro and the Putative Class Members were not performing work that Compass Park did not want performed during their unpaid "meal breaks."

79. The unpaid time is compensable under the IWPS because Compass Park agreed to pay Petro and the Putative Class Members an hourly rate of pay for all time they worked, and Compass Park failed to pay Petro and the Putative Class Members all their earned wages.

80. Despite accepting the benefits, Compass Park did not pay Petro and the Putative Class Members for the compensable work they performed during their "meal breaks."

9

81. Thus, under Compass Park's uniform automatic meal break deduction policy, Petro and the Putative Class Members are denied overtime pay for those on-duty "meal breaks" in workweeks in which they worked in excess of 40 hours in violation of the FLSA and the IMWL.

82. Likewise, under Compass Park's uniform automatic meal break deduction policy, Petro and the Putative Class Members are denied "straight pay for those on duty "meal breaks" in workweeks in which they worked fewer than 40 hours in violation of the IWPS.

83. Compass Park knows Petro and the Putative Class Members routinely perform work "off the clock" during their unpaid meal breaks because Compass Park expects and requires these employees to do so.

84. But Compass Park does not pay Petro and the Putative Class Members for their routine "off the clock" work, including those hours worked in excess of 40 hours in a workweek, in violation of the FLSA and IMWL.

85. Likewise, Compass Park failed to pay Petro and the Putative Class Members overtime wages at the proper premium rate under the FLSA and IMWL.

86. Specifically, Compass Park paid Petro and Putative Class Members non-discretionary bonuses, including bonuses for picking up shifts beyond their regular work schedule, and excluded the non-discretionary bonuses from their regular rates of pay for purposes of calculating their time-and-a-half overtime rates.

87. Compass Park subjected Petro and the Putative Class Members to its uniform pay practice of excluding non-discretionary bonuses from their regular rates of pay.

88. Compass Park's exclusion of Petro and the Putative Class Members' non-discretionary bonuses from their regular rates of pay violates the requirement under the FLSA and IMWL to include all remuneration received in its calculation of the proper time-and-a-half rate.

89. Compass Park knew, or should have known, it was subject to the FLSA and the IMWL and/or IWPS, including its overtime provisions.

90. Compass Park knew, or should have known, the FLSA and the IMWL requires it to pay employees, including Petro and the Putative Class Members, overtime at rates not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 hours in a workweek.

91. Compass Park knew, or should have known, Petro and the Putative Class Members worked more than 40 hours in a week.

92. Compass Park knew, or should have known, Petro and the Putative Class Members regularly worked during their unpaid meal breaks because Compass Park expected and required them to do so.

93. Compass Park knew, should have known, or showed reckless disregard for, whether the conduct described in this Complaint violated the FLSA, IMWL, and IWPS.

94. Compass Park knowingly, willfully, and/or in reckless disregard carried out this illegal automatic deduction policy that deprived Petro and the Putative Class Members of overtime compensation in violation of the FLSA, IMWL, and IWPS.

95. Nonetheless, Compass Park failed to pay Petro and the Putative Class Members overtime for all hours these employees worked in excess of 40 hours in a workweek.

96. Compass Park knowingly, willfully, and/or in reckless disregard excluded non-discretionary bonuses from Petro and the Putative Class Members' regular rates of pay for purposes of calculating their time-and-a-half overtime rates in violation of the FLSA and IMWL.

97. Compass Park's failure to pay full overtime compensation to Petro and the Putative Class Members was neither reasonable, nor was the decision not to pay these employees overtime made in good faith.

## CLASS & COLLECTIVE ALLEGATIONS

98. Petro incorporates all other paragraphs by reference.

99. Like Petro, the Putative Class Members were victimized by Compass Park's illegal automatic meal break deduction policy and its uniform regular rate violations.

100. Other Putative Class Members worked with Petro and indicated they were paid in the same manner, performed similar work, and were subject to Compass Park's same automatic meal break deduction policy and its uniform regular rate violations.

101. Based on her experiences with Compass Park, Petro is aware Compass Park's illegal practices were imposed on the Putative Class Members.

102. The Putative Class Members are similarly situated in all relevant respects.

103. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

104. Therefore, the specific job titles or precise job locations of the various members of the Putative Class do not prevent collective treatment.

105. Rather, the class is held together by Compass Park's uniform automatic meal break deduction policy that systematically deprived Petro and the Putative Class Members of overtime pay for all hours worked in excess of 40 hours in a workweek.

106. The Putative Class Members are similarly denied overtime when they work more than 40 hours per week.

107. Likewise, the class is held together by Compass Park's uniform regular rate violations that systematically deprived Petro and the Putative Class Members of overtime pay at the lawful premium rate, including by excluding non-discretionary bonuses from their calculations.

108. The overtime owed to Petro and the Putative Class Members under both the automatic meal break deduction and regular rate violations will be calculated using the same records and using the same formula.

109. Petro's experiences are therefore typical of the experiences of the Putative Class Members.

110. Petro has no interests contrary to, or in conflict with, the Putative Class Members that would prevent collective treatment.

111. Like each Putative Class Member, Petro has an interest in obtaining the unpaid overtime wages owed under federal law.

112. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

113. Absent a collective action, many Putative Class Members will not obtain redress of their injuries and Compass Park will reap the unjust benefits of violating the FLSA, IMWL, and IWPS.

114. Further, even if some of the Putative Class Members could afford individual litigation against Compass Park, it would be unduly burdensome to the judicial system.

115. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

116. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

117. Among the common questions of law and fact are:

   a. Whether Compass Park engaged in a policy and practice of automatic time deductions for meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA and IMWL;

b. Whether Compass Park engaged in a policy and practice of paying non-discretionary bonuses;

c. Whether Compass Park engaged in a policy and practice of excluding non-discretionary bonuses from its hourly, non-exempt workers' regular rates of pay for purposes of calculating their time-and-a-half overtime rates;

d. Whether Compass Park's automatic meal break deduction policy deprived Petro and the Putative Class Members of pay for time worked during meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA and IMWL;

e. Whether Compass Park failed to pay Petro and the Putative Class Members overtime for all hours worked in excess of 40 hours in a workweek, including hours worked during missed and interrupted meal breaks in violation of the FLSA and IMWL;

f. Whether Compass Park's policy of excluding non-discretionary bonuses from Petro and the Putative Class Members' regular rates of pay for purposes of calculating their time-and-a-half overtime rates violated the FLSA and IMWL;

g. Whether Compass Park knew, or had reason to know, Petro and the Putative Class Members were requested, suffered, permitted, or allowed to during their unpaid meal breaks in violation of the FLSA, IMWL, and IWPS; and

h. Whether Compass Park's violations of the FLSA, IMWL, and IWPS were willful.

118. Petro and the Putative Class Members sustained damages arising out of Compass Park's illegal and uniform automatic meal break deduction policy and uniform regular rate violations.

119. Petro knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class and collective action.

120. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Compass Park's records, and there is no detraction from the common nucleus of liability facts.

121. Therefore, the issue of damages does not preclude class or collective treatment.

122. Compass Park is liable under the FLSA for failing to pay overtime to Petro and the Putative Class Members.

123. Consistent with Compass Park's illegal automatic meal break deduction policy and uniform regular rate violations, Petro and the Putative Class Members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

124. As part of their regular business practices, Compass Park intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Petro and the Putative Class Members.

125. Compass Park's illegal automatic meal break deduction policy and uniform regular rate violations deprived Petro and the Putative Class Members of the premium overtime wages they are owed under federal law.

126. Compass Park is aware, or should have been aware, that the FLSA and IMWL requires it to pay Petro and the Putative Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

127. There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA and IMWL who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

128. This notice should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

129. Those similarly situated employees are known to Compass Park, are readily identifiable, and can be located through Compass Park's records.

### COUNT 1

#### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
#### (FLSA COLLECTIVE)

130. Petro realleges and incorporates all other paragraphs by reference.

131. Petro brings her FLSA claim as a collective action under 29 U.S.C. § 216(b).

132. Compass Park violated, and is violating, the FLSA by failing to pay Petro and the Putative Class Members overtime for all hours worked in excess of 40 in a single workweek, including hours worked "off the clock" during these employees' unpaid meal periods.

133. Likewise, Compass Park violated, and is violating, the FLSA by failing to pay Petro and the Putative Class Members overtime wages at rates not less than 1.5 times their regular rates of pay—based on *all* remuneration received—for all hours worked over 40 in a workweek, including by excluding non-discretionary bonuses from their respective regular rates of pay.

134. Throughout the relevant period, Compass Park expected and required Petro and the Putative Class Members to remain on-duty and be available to work during their unpaid meal breaks and outside of their scheduled shifts.

135. Throughout the relevant period, Compass Park paid Petro and the Putative Class Members non-discretionary bonuses, including for picking up shifts outside their regular work schedules, and excluded such bonuses from their regular rates of pay.

136. Petro and the Putative Class Members have been harmed as a direct and proximate result of Compass Park's unlawful conduct because they have been deprived of wages owed for work that they performed and from which Compass Park derived a direct and substantial benefit.

137. Compass Park knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Petro and the Putative Class Members overtime compensation.

138. Compass Park's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

139. Accordingly, Petro and the Putative Class Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular hourly rates of pay, plus an equal amount as liquidated damages, and attorney's fees and costs.

## COUNT 2

### FAILURE TO PAY OVERTIME WAGES UNDER THE IMWL
### (INDIANA CLASS)

140. Petro realleges and incorporates all other paragraphs by reference.

141. Petro brings her claim under the IMWL as a Rule 23 class action.

142. The conduct alleged violates the IMWL. *See* I.C. § 22-2-2 *et seq*.

143. Compass Park violated, and is violating, the IMWL by failing to pay Petro and the Putative Class Members overtime compensation for all hours worked in excess of 40 in a workweek.

144. At all relevant times, Compass Park was subject to the requirements of the IMWL.

145. At all relevant times, Compass Park employed Petro and the Putative Class Members as "employees" within the meaning of the IMWL.

146. The IMWL requires employers, like Compass Park, to pay employees at a rate not less than 1.5 times their regular rate of pay for all hours worked in excess of 40 hours in any one workweek.

147. Petro and the Putative Class Members are entitled to overtime pay under the IMWL.

148. Compass Park's automatic meal break deduction policy violates the IMWL because it deprives Petro and the Putative Class Members of overtime pay for all hours worked in excess of 40 hours in a workweek. *See* I.C. § 22-2-2 *et seq*.

149. Likewise, Compass Park's policy of excluding non-discretionary bonuses from its hourly, non-exempt workers' regular rates of pay violates the IMWL because it deprives Petro and the Putative Class Members of time-and-a-half overtime at the lawful premium rate.

150. Accordingly, Petro and the Putative Class Members are entitled to recover their unpaid overtime compensation owed from the 3 years prior to the filing on this Complaint, liquidated damages, plus attorney's fees, costs, and expenses. *See* I.C. § 22-2-2 *et seq*.

## COUNT 3

### FAILURE TO PAY ALL WAGES EARNED UNDER THE IWPS
### (INDIANA CLASS)

151. All of the preceding paragraphs are realleged herein.

152. Petro brings her claim under the IWPS as a Rule 23 class action.

153. The conduct alleged violates the IWPS. *See* I.C. § 22-2-5 *et seq*.

154. Compass Park violated, and is violating, the IWPS by failing to pay Petro and the Putative Class Members all wages earned for all hours worked at the hourly rates Compass Park agreed to pay them for the work they performed.

155. At all relevant times, Compass Park was subject to the requirements of the IWPS.

156. At all relevant times, Compass Park employed Petro and the Putative Class Members as "employees" within the meaning of the IWPS.

157. The IWPS requires employers, like Compass Park, to pay employees for all time they worked at the rate agreed to by the parties.

158. During the course of their employment, Compass Park agreed to pay Petro and each Putative Class Member an hourly rate for all hours they worked under and up to 40 hours in a workweek.

159. Petro and each Putative Class Member accepted Compass Park's offer.

160. But during the course of their employment, Compass Park failed to pay Petro and the Putative Class Members for all time they worked at the rates Compass Park agreed to pay them for the work they performed for Compass Park because Compass Park automatically deducted 30 minutes/shift from these employees' recorded hours worked

161. Compass Park's automatic meal break deduction policy violates the IWPS because it deprives Petro and the Putative Class Members of pay for all hours worked at the rates Compass Park agreed to pay them.

162. Accordingly, Petro and the Putative Class Members are entitled to recover all wages due to them, liquidated damages, attorneys' fees, costs, and all other legal and equitable relief provided under the IWPS. *See* I.C. § 22-2-5 *et seq*.

## JURY DEMAND

163. Petro demands a trial by jury.

## RELIEF SOUGHT

Petro prays for judgment against Compass Park as follows:

a. An order designating this lawsuit as a collective action and authorizing notice to the FLSA Collective Members allowing them to join this action by filing a written notice of consent;

b. An order certifying a class action pursuant to FED. R. CIV. P. 23;

c. An order appointing Petro and her counsel to represent the interests of the Putative Class Members;

d. An order finding Compass Park liable to Petro and the other FLSA Collective Members for all unpaid overtime wages owed under the FLSA, plus liquidated damages in an amount equal to their unpaid wages;

e. An order finding Compass Park liable to Petro and the other Indiana Class Members for all unpaid overtime wages owed under the IMWL, plus liquidated damages;

f. An order finding Compass Park liable to Petro and the other Indiana Class Members for all unpaid overtime wages owed under the IMWL, plus liquidated damages;

g. An order finding Compass Park liable to Petro and the other Indiana Class Members for all unpaid earned wages owed under the IWPS, plus liquidated damages;

h. Judgment awarding Petro and the other Putative Class Members all unpaid earned wages, unpaid overtime wages, liquidated damages, and any other penalties available under the FLSA, IMWL, and IWPS;

i. An order awarding attorneys' fees, costs, and expenses;

j. Pre- and post-judgment interest at the highest applicable rates; and

k. Such other and further relief as may be necessary and appropriate.

Date: July 10, 2024.	Respectfully submitted,

By: */s/ Carl A. Fitz*
	**Carl A. Fitz**
	Tex. State Bar No. 24105863
**FITZ LAW PLLC**
3730 Kirby Drive, Ste. 1200
Houston, Texas 77098
(713) 766-4000
carl@fitz.legal

**Attorneys for Plaintiff**